No. 38,535

ROBERT T. ZERNICKOW, *Appellee*, v. BERNICE L. ZERNICKOW, *Appellant.*

No. 38,536

ROBERT T. ZERNICKOW, *Appellant*, v. BERNICE L. ZERNICKOW, *Appellee.*

(244 P. 2d 873)

Opinion filed June 7, 1952.

*Howard W. Harper*, of Junction City, argued the cause, and *Lee Hornbaker*, of Junction City, was with him on the briefs for the plaintiff.

*C. L. Hoover*, of Junction City, argued the cause, and *Robert A. Schermerhorn* and *A. B. Fletcher, Jr.*, both of Junction City, were with him on the briefs for the defendant.

The opinion of the court was delivered by

HARVEY, C. J.: This was a divorce case. Plaintiff sued his wife for divorce upon the grounds of gross neglect of duty and extreme cruelty and asked the court to approve a postnuptial contract respecting the property rights of the parties made in contemplation of divorce. The defendant answered denying the allegations of plaintiff's petition for a divorce. She also filed a cross petition in which she sought a divorce from plaintiff upon the grounds of extreme cruelty and gross neglect of duty and asked the court to set aside the postnuptial contract upon the grounds that it was not fairly and understandingly made; was not just and equitable in its provisions; that it had been induced by fraud and overreaching, duress, coercion and undue influence, and that the court make a just and equitable division of the propererty. The abstract does not show an answer

to the cross petition. Each of the parties asked the other to furnish a bill of particulars, which was done.

The trial court heard the evidence, denied plaintiff's request for a divorce, granted a divorce to defendant and allowed her an attorney's fee of $300 and let the postnuptial contract stand. Plaintiff has appealed from that part of the judgment of the court which denied him a divorce and granted one to defendant and from the allowance of the attorney's fee. Defendant has appealed from the order of the court refusing to set aside the postnuptial contract.

As to the divorce feature of the case, there is ample evidence to sustain the court's judgment denying the prayer of plaintiff for a divorce and granting the divorce to defendant. Counsel for plaintiff in this court in effect concedes this, but argues that the testimony of the defendant was not sufficiently corroborated, as required by the statute. While that is true as to some of the matters testified to by defendant it is not true as to all of them, and the ruling of the trial court upon this branch of the case cannot be set aside for that reason.

As to the setting aside of the postnuptial agreement, defendant offered no evidence of fraud, duress, coercion or undue influence which induced its execution. There was evidence tending to show that it was not fairly and understandingly made and was not just and equitable in its provisions, and perhaps of overreaching. There was evidence, also, to the contrary. The trial court saw the witnesses and heard them testify and was in a much better position to pass upon those phases of the matter than is this court. The result is the ruling of the court upon that branch of the case must be affirmed.

In this court counsel for the plaintiff points to a paragraph in the postnuptial contract which he contends prohibited defendant from having an allowance made for her attorney's fee. By this clause of the contract defendant did waive all claims she might have against plaintiff for either temporary or permanent alimony and other claims which might arise or accrue to her by reason of her marriage to plaintiff, but it did not cover the cost or attorneys' fees in the action.

We find no error in the record. The judgment of the trial court is affirmed.